**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1201
_____

KIANA BROOKENS, as administratrix of the Estate of Z.W.,
                                                              Appellant

v.

CITY OF PHILADELPHIA; ISSIAR SANTA-TORRES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-04640)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 27, 2023
_____

Before: MATEY, FREEMAN and FUENTES, *Circuit Judges*.

(Filed: June 28, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MATEY, *Circuit Judge.*

Two-year-old Z.W. was killed by his mother's boyfriend. Appellant Kiana Brookens, the administratrix of Z.W.'s estate, sued Issiar Santa-Torres,[1] the state caseworker assigned to ensure Z.W.'s safety, alleging violations of federal law. Finding no error in the District Court's decision granting Santa-Torres's motion for summary judgment, we will affirm.

**I.**

When Z.W. was born to Andrea Worrell in 2014, Appellant was already the legal guardian of Worrell's first child S.W. At least twice, the Philadelphia Department of Human Services ("DHS") received reports about Worrell's interactions with S.W., including reports of neglect and inadequate supervision. In response, DHS assigned caseworker Santa-Torres to assess the safety of Worrell's children.

Santa-Torres met with Appellant and verified that S.W. was safe. Santa-Torres and Worrell then went to the home of Z.W.'s father Kevin Smith. Z.W. appeared happy to see Worrell, but the visit turned volatile when Smith returned and denied paternity of Z.W. while screaming at Santa-Torres. Appellant alleged that encounter led Santa-Torres to briefly remove Z.W. from Worrell's custody.[2] Santa-Torres returned Z.W. to Worrell on June 21, 2016. Construing the disputed facts in Appellant's favor, Santa-Torres knew on

---

[1] Originally, Appellant also sued the City of Philadelphia. But when responding to the motion for summary judgment, Appellant stated she would no longer pursue any claims against the City.

[2] Santa-Torres disputes this claim, but like the District Court we accept Appellant's view of the facts.

that date that Worrell was in a relationship with Rimear Custis, who had a history of inflicting violence on Worrell. In July 2016, Custis attacked Worrell and punched Z.W. Custis was arrested, and Worrell and Z.W. moved into a domestic violence shelter. Santa-Torres last visited Z.W. and Worrell at the shelter on August 9, 2016, and reported no safety concerns. She closed the investigation a few days later.

On November 29, 2016, Worrell called 911 after Custis attacked Z.W. Z.W. died the next day. Custis was convicted for the murder, and Worrell pleaded guilty to endangering the welfare of her child. The state-mandated investigation faulted Santa-Torres for failing to thoroughly investigate the domestic violence incident before closing the case but concluded that further DHS action may not have changed the outcome. Appellant brought suit on behalf of Z.W.'s estate alleging a due process violation under the state-created danger theory. The District Court granted summary judgment for Santa-Torres, and Appellant now appeals.[3]

## II.

A claim under 42 U.S.C. § 1983 must allege a violation of a constitutional right or a law of the United States by a person acting under the color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc). "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*, drawing all reasonable inferences in favor of the non-moving party. *Hall v. Millersville Univ.*, 22 F.4th 397, 402–03 (3d Cir. 2022). "Only disputes over facts that might affect the outcome" under the law preclude summary judgment. *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 93 (3d Cir. 2018).

Process Clause" because the Due Process Clause "was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) (citation omitted). We have carved out an exception to this general rule when the state created the danger to the individual. *See Johnson v. City of Phila.*, 975 F.3d 394, 399–400 (3d Cir. 2020) (applying *Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996)).

> Under the state-created danger theory, a plaintiff must show:
>
> [F]irst, foreseeable and fairly direct harm; second, action marked by "a degree of culpability that shocks the conscience"; third, a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and fourth, an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all.

*Id.* at 400. "[L]iability under the state created danger theory is predicated upon the states' affirmative acts which work to plaintiffs' detriments in terms of exposure to danger." *Kneipp*, 95 F.3d at 1207. So if a plaintiff fails to establish that the state took an affirmative action, then there is no state-created danger. *See Bright v. Westmoreland Cnty.*, 443 F.3d 276, 282 (3d Cir. 2006).

Appellant claims that in the brief period in which Z.W. was allegedly in the care of Santa-Torres without Worrell, Santa-Torres gained custody of Z.W. On that theory, Appellant reasons the status quo "changed" when Z.W. was placed back into Worrell's care, thereby "creating" the danger of exposing Z.W. to Worrell's violent boyfriend. But even assuming, as we must, that chain of events, Z.W. returned to the same situation facing no danger that was not already present. *See Fetterman v. Westmoreland Cnty.*

4

*Childrens Bureau*, 681 F. App'x 166, 170 (3d Cir. 2017) (finding no due process claim when the state ordered a child to return to potentially abusive parents, noting the state's conduct did not "shock the conscience"). While Appellant's search for accountability is understandable and too familiar,[4] § 1983 does not reach the allegations against Santa-Torres.

## III.

For these reasons, we will affirm.

---

[4] Although these saddening fact patterns are common, they consistently fail to meet the standard we require to establish a state-created danger. *See, e.g.*, *Nicini*, 212 F.3d at 811–12 (finding that state's actions amounted only to "mere negligence" not "deliberate indifference" when the state allowed a child under state care to live with a family without adequately investigating the family); *Bright*, 443 F.3d at 284 (finding a theory of "failure of the state to act" "foreclosed by *DeShaney*" when suit was brought against the state for failing to detain an individual who was violating his parole by maintaining an inappropriate relationship with his twelve-year-old victim).